IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARITY M. PRICE                                                                    PLAINTIFF

vs.                                    CIVIL NO. 05-4058

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                        DEFENDANT

**MEMORANDUM OPINION**

Charity Price ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income benefits ("SSI"), under Title XVI of the Act.

**Background:**

The application for SSI now before this court was protectively filed on May 19, 2003,[1] alleging an onset date of March 1, 2003, due to dysthymia, a personality disorder, degenerative joint disease ("DJD"), fibromyalgia, scoliosis, asthma, syncopal episodes,[2] and mitrovalve prolapse. (Tr. 56-59, 74). An administrative hearing was held on January 11, 2005. (Tr. 298-319). Plaintiff was present and represented by counsel.

On April 1, 2005, the Administrative Law Judge ("ALJ"), issued a written opinion finding that, although severe, plaintiff's DJD, scoliosis, fibromyalgia, asthma, dysthymia, and personality

---

[1] SSI benefits are not payable for a period prior to the protective filing date of plaintiff's application, which is May 19, 2003. (Tr. 56). Therefore, the relevant time period extends from May 19, 2003, through April 1, 2005, the date of the ALJ's decision. (Tr. 11-25). *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

[2] The term syncope means "a temporary suspension of consciousness due to generalized cerebral ischemia; a faint or swoon." *See* DORLAND'S ILLUSTRATED MEDICAL DICTIONARY, p. 1747 (29th ed. 2000).

disorder did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 24). At that time, plaintiff was thirty-nine years old and possessed an eighth grade level education. (Tr. 302). The record reveals that she has past relevant work ("PRW"), as a convenience store manager, fast food manager, and fast food worker. (Tr. 94-101, 302-305).

After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ( "RFC"), to perform light work, limited only by her ability to understand, remember, and carry out simple, routine, and unskilled tasks. The ALJ also determined that plaintiff would need to avoid hazardous conditions, such as driving, because she experienced syncopal episodes. (Tr. 24). With the assistance of a vocational expert, the ALJ then found that plaintiff's RFC did not preclude her from performing her PRW as a fast food worker. (Tr. 24).

On July 16, 2005, the Appeals Council declined to review this decision. (Tr. 6-8). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 10, 11).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

2

AO72A
(Rev. 8/82)

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final

AO72A
(Rev. 8/82)

stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the fact that the ALJ determined that plaintiff could not work in a dangerous environment, yet concluded that she was capable of performing her PRW as a fast food worker, as that position is generally performed in the national economy. (Tr. 24). According to the Dictionary of Occupational Titles, a fast food worker performs the following tasks:

> Serves customer of fast food restaurant: Requests customer order and depresses keys of multicounting machine to simultaneously record order and compute bill. Selects requested food items from serving or storage areas and assembles items on serving tray or in takeout bag. Notifies kitchen personnel of shortages or special orders. Serves cold drinks, using drink-dispensing machine, or frozen milk drinks or desserts, using milkshake or frozen custard machine. Makes and serves hot beverages, using automatic water heater or coffeemaker. Presses lids onto beverages and places beverages on serving tray or in takeout container. Receives payment. May cook or apportion french fries or perform other minor duties to prepare food, serve customers, or maintain orderly eating or serving areas.

DICTIONARY OF OCCUPATIONAL TITLES, 241 (4th ed. Revised 1991). Clearly, to perform this job, plaintiff would be required to work around and operate hazardous machinery, including deep fryers and coffeemakers.[3] The job description also leaves open the possibility that she might be required to use a knife or other sharp device to cut salad and vegetables as a part of her "minor" food preparation duties. As such, if she were to experience a syncopal episode while performing any of

---

[3]We note that the coffeemaker is an electric appliance that contains both a heating element and a glass serving pot.

4

these tasks, she could certainly injure herself or others. Accordingly, we believe that remand is necessary in order to allow the ALJ to reevaluate plaintiff's RFC, and her ability to perform her PRW. *See Smith v. Barnhart*, 435 F.3d 926, 930-931 (8th Cir. 2006) (remanding case for further development of the record where plaintiff's treating physician stated that, due to a seizure disorder, plaintiff should not use a stove). If, on remand, the ALJ determines that plaintiff is not capable of performing her PRW, he should then produce expert vocational testimony to establish that there are jobs available in the national economy for a person with plaintiff's limitations. *Sanders v. Sullivan*, 983 F.2d 822 (8th Cir.1992).

We also note that the ALJ discounted plaintiff's subjective complaints of pain because she reported an ability to perform various household chores and hobbies. (Tr. 22). However, the record reveals that plaintiff had been diagnosed with fibromyalgia. (Tr. 155, 157, 241). The United States Court of Appeals for the Eighth Circuit has held, in the context of fibromyalgia cases, that the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity. *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2003); *See Kelley v. Callahan,* 133 F.3d 583, 588-89 (8th Cir. 1998). Accordingly, on remand, the ALJ is also directed to reevaluate plaintiff's subjective complaints.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

5

ENTERED this 20th day of September 2006.

                /s/ Bobby E. Shepherd
                HONORABLE BOBBY E. SHEPHERD
                UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)